JOHN D. ALLISON, ISBA #5567
*jdallison@eahjlaw.com*
RICHARD C. EYMANN, *Pro Hac Vice* Application Pending
*eymann@eahjlaw.com*
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201
(509) 747-0101
(509) 458-5977 (facsimile)

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN HEPBURN and GEORGE HEPBURN, wife and husband, | Case No. |
| Plaintiffs, | |
| v. | **COMPLAINT FOR MEDICAL NEGLIGENCE** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiffs, by and through their undersigned attorneys, allege as follows:

### *I. JURISDICTIONAL GROUNDS*

1.    This is an action against the United States of America for personal injuries resulting from the negligent or wrongful acts or omissions of its agents or employees acting in the course and scope of their employment.

2.    This action is brought under the Federal Tort Claims Act ("FTCA"), U.S.C., Title 28, § 2671, *et seq.*

COMPLAINT FOR MEDICAL NEGLIGENCE - 1

3.      This Court possesses subject matter jurisdiction under 28 U.S.C. § 1346(b) and 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the District of Idaho under 28 U.S.C. § 1391(e).  The defendant is the United States.  All acts of medical negligence set forth in this Complaint occurred in Bonner County, Idaho.  The plaintiffs reside in Bonner County, Idaho and no real property is involved in this suit.  As an action under the FTCA may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," venue is proper in this Court.  28 U.S.C. § 1402(b).

## *II.  IDENTIFICATION OF PARTIES*

5.      Plaintiffs Susan Hepburn and George Hepburn, wife and husband, at all relevant times material hereto, are and were citizens of the United States and residents of the City of Sandpoint, located in Bonner County, Idaho.

6.      Defendant United States of America is a sovereign entity sued pursuant to 28 U.S.C. §§ 2674 and 1346(b)(1) for injury caused by the negligent and wrongful acts and omissions of employees of the United States of America while acting within the scope of their office or employment.  Under Sections 2674 and 1346(b)(1)—which constitute a waiver of sovereign immunity—the United States of America is liable in the same manner and to the same extent as a private individual under like circumstances.

7.      At all times material hereto, Steven C. Puffer, M.D. (hereinafter "Dr. Puffer") was, and is, upon information and belief, a healthcare provider practicing medicine at Boundary Regional Community Health Center, Inc. d/b/a Kaniksu Health Services (hereinafter "Kaniksu"), an Idaho corporation doing business in Bonner County, Idaho.

8.     At all times material hereto, Dr. Puffer and Kaniksu were employees or agents of the United States of America for purposes of FTCA medical liability coverage.  Upon information and belief, Dr. Puffer and Kaniksu were deemed eligible for FTCA coverage on December 1, 2004, and their coverage has continued without interruption since that time.

9.     At all times material hereto, Dr. Puffer was, and is, an employee or agent of the United States of America and Dr. Puffer was acting within the scope and course of such employment or agency at all times relevant to plaintiffs' claim.

### III.  COMPLIANCE WITH CONDITIONS PRECEDENT

10.    Plaintiffs have complied with the requirements of 28 U.S.C. § 2401 by presenting a claim in writing to the Department of Health and Human Services (hereinafter "HHS") within two (2) years after the claim accrued.  The claim was presented to HHS on August 11, 2010, and HHS has acknowledged that the claim was filed on August 12, 2010.  (Filed Standard Form 95 is attached as Appendix "A;" the certified mail/return receipt confirmation is attached as Appendix "B;" Declaration of Meredith Torres is attached as Appendix "C.") More than six (6) months have passed since the filing of the claim, without resolution or denial of the claim by defendant United States of America or its agent, HHS, or any other entity of the United States of America.  Pursuant to 28 U.S.C. § 2675(a), plaintiffs, as claimants, deem the defendant's non-response a denial of their claims.  Accordingly, plaintiffs have exhausted administrative remedies and complied with any and all conditions precedent to the maintenance of this lawsuit, including 28 U.S.C. §§ 2401 and 2675.

## IV.  FACTS GIVING RISE TO CAUSE OF ACTION

11.     On or about June 12, 2008, Dr. Puffer treated plaintiff Susan Hepburn as a patient at Kaniksu.  Mrs. Hepburn presented to Dr. Puffer and Kaniksu with a severe headache and other signs and symptoms warranting inquiry into potential intracranial bleeding.  Mr. Hepburn was present during this visit.

12.     Dr. Puffer referred Mrs. Hepburn for an unenhanced MRI of the brain, which was performed the same day, June 12, 2008, at Bonner General Hospital.  Dr. Puffer's chart reflects that on June 13, 2008, he telephoned Mrs. Hepburn and informed her that the MRI did not reveal a cause for her headaches.  He did not follow up on Mrs. Hepburn's very serious symptoms, did not order any other diagnostic tests, nor did he refer her to a specialist.

13.     On June 26, 2008, Mrs. Hepburn presented to the emergency department at Bonner General Hospital at 6:09 a.m., reporting a severe headache of two weeks in duration, feeling weak and "like her head was in a vise."  Mrs. Hepburn was evaluated by Charlene DeHaven, M.D., who noted severe headache, nausea, and stiff and painful neck and weakness in her grips bilaterally.

14.     Dr. DeHaven examined Mrs. Hepburn and likewise sent her home without conducting a differential diagnosis or referring her to a specialist.  Mr. Hepburn attended the visit to the ER.  Because Mrs. Hepburn's condition continued to deteriorate, later that same day, June 26, 2008, Mrs. Hepburn returned to the emergency department at Bonner General Hospital, this time via ambulance.  She was noted to have presented with altered mental status, history of severe headache for two weeks, and vomiting over the course of the day.  She was evaluated by Kenneth Gramyk, M.D., who immediately ordered an unenhanced CT scan of the head.

COMPLAINT FOR MEDICAL NEGLIGENCE - 4

15.     The unenhanced CT scan showed a large subarachnoid hemorrhage and suspect ruptured aneurysm.  Dr. Gramyk made urgent arrangements for Mrs. Hepburn to be airlifted to Harborview Medical Center in Seattle, Washington, where she remained for over four months due to a myriad of catastrophic health effects including, but not limited to, cerebral insult, cognitive dysfunction, dysfunctional swallow with subsequent percutaneous endoscopic gastrostomy, hypertension, hydrocephalus with subsequent shunt, leukocytosis, pulmonary edema, respiratory failure with prolonged intubation, right hemiparesis, subarachnoid hemorrhage, infection, tracheostomy and vasospasm.

## *V.  CAUSES OF ACTION*

16.     Plaintiffs hereby reincorporate paragraphs 1 through 15 as if fully set forth herein.

17.     Defendant United States of America, acting through its agents or employees, Dr. Puffer and Kaniksu, negligently failed to meet the applicable standard of health care practice of the community in which such care was or should have been provided.

18.     Defendant United States of America, acting through its agents or employees, Dr. Puffer and Kaniksu, was negligent and in violation of the provisions of Idaho law, in:

      (a)     Failing to properly assess symptoms;

      (b)     Failing to properly diagnose Mrs. Hepburn's condition;

      (c)     Failing to give appropriate orders or giving orders inappropriate for the patient;

      (d)     Failing to protect the patient from an aneurysm rupture;

      (e)     Failing to take proper measures to consult an appropriate specialist in a timely manner;

      (f)     Failing to order proper and/or additional diagnostic studies; and

(g)      Other acts of negligence as may be proven.

19.    In treating Mrs. Hepburn as a patient, defendant United States of America, acting through its agents or employees, Dr. Puffer and Kaniksu, impliedly promised to provide her with qualified, competent and reasonably prudent medical care.

20.    As a direct and proximate result of the conduct of defendant United States of America, Mrs. Hepburn went from a functioning woman to a severely and permanently disabled woman, with multiple disabilities including, but not limited to, cognitive impairment, speech and writing impairment, fine motor impairment, muscle contractures and spasticity.

21.    The aforementioned occurrences and/or omissions, which were a direct and proximate cause of Mrs. Hepburn's injuries and damages, are of a kind which ordinarily do not happen in the absence of negligence.

22.    Mrs. Hepburn's injuries and damages were caused by agencies or instrumentalities within the exclusive control of the United States of America.

23.    The aforementioned acts, omissions or conduct causing Mrs. Hepburn's injuries and damages were not due to any voluntary action or contribution on her part.

24.    As a direct and proximate result of the defendant's negligence and/or permissible use of *res ipsa loquitur*, and/or other theories of liability including tort of outrage, Mrs. Hepburn has suffered permanent damages and injuries.

25.    At the time of the claimed negligence, George Hepburn was the fiancé of Mrs. Hepburn and has claims for special and general damages as he was present during the aforesaid events which inflicted emotional distress and anguish as a result of the way and manner his fiancé was dismissed as if she was a hypochondriac.

## VI.  DAMAGES

26.     As a direct and proximate result of negligent acts and omissions of Dr. Puffer and Kaniksu, as agents or employees of the United States of America, Mrs. Hepburn has suffered extraordinary general and special damages including, but not limited to, past medical expenses, future medical expenses, disability, lost wages, loss of earning capacity, loss of future earnings, emotional distress, mental anguish, annoyance, discomfort, inconvenience, embarrassment, physical distress and loss of enjoyment of life.

27.     As a further and proximate result of the negligent acts and omissions of Dr. Puffer and Kaniksu, as agents or employees of the United States of America, plaintiff George Hepburn has sustained severe mental anguish and distress during the period of time Mrs. Hepburn was being examined by Dr. Puffer and Kaniksu and thereafter as her condition deteriorated which would have been completely prevented but for the negligence and outrageous conduct committed by the defendant.

## VII.  PRAYER

WHEREFORE, plaintiffs pray for damages and relief in the amount of Five Million Dollars ($5,000,000.00), as follows:

1.      For compensatory damages for past expenses incurred by Susan Hepburn for medical and other related health care expenses, with reasonable probability to be experienced in the future, and for lost wages, loss of future earnings and loss of earning capacity;

2.      For general damages for the past physical pain, mental anguish, emotional distress, annoyance, discomfort, disability, inconvenience, embarrassment,

physical distress and loss of enjoyment of life experienced by Susan Hepburn, with reasonable probability to be experienced in the future;

3.     For special and general damages incurred by George Hepburn;

4.     For reasonable attorneys' fees incurred herein pursuant to Idaho Code §12-120(3);

5.     For cost and disbursements incurred herein; and

6.     For such other and further relief as the Court may deem just and equitable.

DATED this 29th day of March, 2011.

EYMANN ALLISON HUNTER JONES, P.S.


By:___ s/John D. Allison_____
        JOHN D. ALLISON, ISBA #5567
        RICHARD C. EYMANN, *Pro Hac Vice* Application Pending
        Attorneys for Plaintiffs